UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICK COLEMAN, ) | |
| ) | **Case No. 15 CV 06007** |
| Plaintiff, ) | |
| ) | JUDGE NORGLE |
| Vs. \ | Magistrate Judge Valdez |
| CITY OF CHICAGO, ILLINOIS; and ) | |
| Chicago Police Officers; J. JUNG, Star No. 13387; ) | |
| J.G.FRAHM, Star No. 5904, and ) | |
| TWO UNKNOWN CHICAGO POLICE ) | |
| OFFICERS, ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

### DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Officer Jaeho Jung and John Frahm, (collectively "Defendants")[1], by one of their attorneys, Jessica L. Griff, Assistant Corporation Counsel, for their answer to Plaintiff's Complaint, state as follows:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER**: Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983, but deny that Plaintiff was deprived of any Constitutional rights.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER**: Defendants admit that venue is proper, but deny any wrongdoing.

4. At all times relevant hereto, Plaintiff Erick J. Coleman was a 33 year-old African-American male resident of Chicago, Illinois.

---

[1] Defendants' answer relates to Officers Jung and Frahm only. Defendants do not provide an answer as to the "two unknown Chicago Police Officers".

**ANSWER**: Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER**: Defendants admit that Officers Jung and Frahm were police officers working for the City of Chicago working under color of law and within the scope of their employment at all times relevant to the present complaint.

6. At all times relevant hereto, Unknown Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER**: Defendants lack knowledge or information sufficient or form a belief as to the truth of the allegations contained in this paragraph.

7. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

8. On or about the early evening hours of January 13, 2014, Plaintiff was operating a vehicle at or near East 95th Street and Clyde Avenue in Chicago, Cook County, Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

9. At this time, one or more Defendant Officers curbed Plaintiff's vehicle without reasonable belief, suspicion, or probable cause that Plaintiff had committed a crime or a traffic violation.

**ANSWER**: Defendants admit that Plaintiff's vehicle was curbed. Defendants deny the remaining allegations contained in this paragraph.

10. At this time, one or more of Defendant Officers approached Plaintiff's driver side and physically pulled Plaintiff out of his vehicle and onto the street.

**ANSWER**: Defendants admit that one of the Defendant Officers approached the driver's side of Plaintiff's vehicle. Defendants deny the remaining allegations contained in this paragraph.

11. Once Plaintiff was physically forced by one or more of the Defendant Officers outside of his vehicle, he was dragged to the back of his vehicle.

**ANSWER**: Defendants deny this allegation accurately states the facts and circumstances of their encounter with Plaintiff, and therefore deny the allegations contained herein.

12. At this time, one or more of the Defendant Officers handcuffed Plaintiff in an overly restrictive and forceful manner and proceeded to slam him numerous times in an overly aggressive and forceful manner onto the back end of the vehicle.

**ANSWER**: Defendants admit that Plaintiff was handcuffed. Defendants deny the remaining allegations contained in this paragraph.

13. At this time, one or more Defendant Officers proceeded to search Plaintiff's vehicle without a search warrant, without exigent circumstances, without reasonable suspicion, without consent, and without probable cause.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

14. At this time, one or more Defendant Officers began searching Plaintiff's clothing and body without consent, reasonable suspicion, or probable cause that Plaintiff had or was committing a crime or was a danger to the Defendant Officers.

**ANSWER**: Defendants deny this allegation accurately states the facts and circumstances of their encounter with Plaintiff, and therefore deny the allegations contained herein.

15. At one point during this search of Plaintiff, one of the Defendant Officers placed his hand down the back of Plaintiff's pants, under Plaintiff's underwear, and inserted his finger inside of Plaintiff's buttocks and anus causing Plaintiff sever pain and injury.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

16. Following the unconstitutional search and seizure, Plaintiff was arrested and transported to a Chicago Police station where he was charged with a violation of Illinois Criminal Statute 720 ILCS 5500/4-A.

**ANSWER**: Defendants admit that Plaintiff was arrested and charged under 720 ILCS 5500/4-A. Defendants deny the remaining allegations contained in this paragraph.

17. While at the Chicago Police station, Plaintiff was again subjected by one or more of the Defendant Officers to a search of his person that included a Defendant Officer inserting his finger inside of Plaintiff's buttocks and anus.

**ANSWER**: Defendants admit that Plaintiff was searched at the police station. Defendants deny the remaining allegations contained in this paragraph.

18. At no time during this false arrest and unlawful search and seizure of Plaintiff did Defendant Officers have a valid search or arrest warrant for Plaintiff, consent, exigent circumstances, or probable cause to believe Plaintiff had or was committing a crime.

**ANSWER**: Defendants admit they did not have a warrant. Defendants deny the remaining allegations contained in this paragraph.

19. At no time during this unlawful search and seizure of Plaintiff's property did Defendant Officers have a valid search warrant, consent, exigent circumstances, or probable cause to believe Plaintiff had or was committing a crime.

**ANSWER**: Defendants admit they did not have a warrant. Defendants deny the remaining allegations contained in this paragraph.

20. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

21. On or about March 13, 2014, a Cook County Circuit Court Judge dismissed all false criminal charges against Plaintiff.

**ANSWER**: Defendants deny this is complete and accurate statement of the occurrence, and therefore deny the allegations contained herein. Defendants further deny that the charges were "false".

### Count I – 42 U.S.C. § 1983 False Arrest

22. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

**ANSWER**: Defendants reassert their answers contained in paragraphs 1 through 21 and incorporate their answers herein, as though fully stated.

23. On January 13, 2014, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER**: Defendants admit that Plaintiff was seized and arrested on January 13, 2014. Defendants deny the remaining allegations contained in this paragraph.

24. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

25. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Internal Affairs or the Independent Police Review Authority will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by

        which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.
Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards and/or Internal Affairs are forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**: Defendants do not provide an answer to this paragraph as it is directed towards Defendant City.

26. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER**: Defendants deny the remaining allegations contained in this paragraph.

### Count II – 42 U.S.C. § 1983 Unlawful Search

27. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

**ANSWER**: Defendants reassert their answers contained in paragraphs 1 through 21 and incorporate their answers herein, as though fully stated.

28. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution on January 13, 2014.

**ANSWER**: Defendants admit that Plaintiff's person was search and further admit that they did not have a search warrant. Defendants deny the remaining allegations contained in this paragraph.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:
    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;
    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards and/or Internal Affairs is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,
    h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**:  Defendants do not provide an answer to this paragraph as it is directed towards Defendant City.

30. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### Count III – 42 U.S.C. § 1983 – Excessive Force

31. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

**ANSWER**: Defendants reassert their answers contained in paragraphs 1 through 19 and incorporate their answers herein, as though fully stated.

32. On or about January 13, 2014, one or more Defendant Officers subjected Plaintiff to excessive force.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

33. The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

34. The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:
    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**:    Defendants do not provide an answer to this paragraph as it is directed towards Defendant City.

35.    As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

### Count IV – 42 U.S.C. § 1983 – Failure to Intervene

36.    Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.

**ANSWER**:    Defendants reassert their answers contained in paragraphs 1 through 21 and incorporate their answers herein, as though fully stated.

37.    During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

38. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards and/or Internal Affairs will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;
   g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.
   Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards and/or Internal

        Affairs is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

   h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**: Defendants do not provide an answer to this paragraph as it is directed towards Defendant City.

40. As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### Count V – 42 U.S.C. § 1983 Conspiracy

41. Plaintiff re-alleges paragraph 1 through 21 as if fully repleaded herein.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

42. Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

43. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

44. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

45. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal arrest, seizure, detention, use of excessive force, and search of Plaintiff on January 13, 2015, as more fully alleged in the preceding paragraphs.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

46. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent

        d. basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
        d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
        e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
        f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;
        g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.
           Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,
        h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

47. This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER**: This Count is the subject of Defendants' Motion Dismiss; therefore, Defendants do not provided a substantive answer. *See* Defendants' Partial Motion to Dismiss.

## **AFFIRMATIVE DEFENSES**

1. Defendants are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a

reasonable police officer objectively viewing the facts and circumstances that confronted the Defendants could have believed their actions to be lawful, in light of clearly established law and the information that the Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

      2.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

      3.      Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (West 2007).

      4.      Under the Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-1-2 (West 2007).

## JURY DEMAND

Defendants Officer Jaeho Jung and Officer John Frahm respectfully request trial by jury.

Respectfully submitted,

*/s/ Jessica L. Griff*
JESSICA L. GRIFF
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-2826
(312) 744-6566 (FAX)
Atty. No 6309134

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERICK COLEMAN, ) | |
| ) | Case No. 15 CV 06007 |
| Plaintiff, ) | |
| ) | JUDGE NORGLE |
| Vs. ) | |
| ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, ILLINOIS; and ) | |
| Chicago Police Officers; J. JUNG, Star No. 13387; ) | |
| J.G.FRAHM, Star No. 5904, and ) | |
| TWO UNKNOWN CHICAGO POLICE ) | |
| OFFICERS, ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:  Jeffrey B. Granich
LAW OFFICES OF JEFFREY B. GRANICH
53 West Jackson Blvd. #1028
Chicago, Illinois 60604
(312) 939-9009

**PLEASE TAKE NOTICE** that on this 14th day of September 2015, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 14th day of September 2015.

*/s/ Jessica Griff*
Jessica Griff
Assistant Corporation Counsel